UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTINA HEAVISIDE et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:05CV2343 CDP |
|  | ) |  |
| RENTAL SERVICE CORP. et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on defendant Rental Service Corporation's motions for summary judgment and its motion to exclude plaintiffs' expert witness. Plaintiffs Christina L. Heaviside and Jack Heaviside filed this action alleging negligence, products liability, and loss of consortium. Their claims arise out of injuries to Christina Heaviside that resulted from an incident involving a Bobcat Skid-steer Loader, rented from Rental Services. Plaintiffs assert that the Bobcat malfunctioned, and Rental Services asserts that the injuries were caused by operator error. I will deny Rental Services' motion for partial summary judgment because it is a commercial lessor, not a dealer in used goods. I will deny Rental Services motion for summary judgment on the strict liability count because the Heavisides have presented evidence that the Bobcat was defective. However, I will grant Rental Services' motion for summary judgment as to the negligence

count, because the Heavisides have not presented evidence that Rental Services knew or should have known of the defect. Finally, I will deny Rental Services' motion to exclude Mark Ezra's testimony because I find his testimony to be sufficiently reliable to aid the jury in making a factual determination in this case.

## Background

On July 8, 2005, the Heavisides rented the Bobcat, which was fitted with pallet forks, from Rental Services. Jack Heaviside transported the Bobcat to his home for the purpose of using it to carry sod. The incident occurred when Jack Heaviside carried a pallet of sod into his backyard. With the pallet forks in the raised position and the Bobcat motor running, Jack Heaviside raised the lap bar and got out of the Bobcat. Christina Heaviside then crouched down directly in front of the still running Bobcat. The Heavisides allege that the Bobcat engine then shut off and the Bobcat lurched forward, the pallet forks collapsed, and the sod load dropped, causing damage to Christina Heaviside.

According to the Bobcat's Operation Manual, when the seat bar (lap bar) is up, the engine will remain running, but all control functions are deactivated and cannot be used until the seat bar is again lowered and the BICS Interlock button is pushed. Further, the lift arms and bucket cannot be moved while the lap bar is up.

Rental Services inspected the Bobcat before each rental, including its rental

to the Heavisides. In June 2004, the Bobcat's hydraulic system was repaired even though it had passed the function test prior to rental. Repair work was again completed on the hydraulic system in August 2004, January 2005, and February 2005. During those time period, the inspection records show that it inspected with proper operation. On June 21, 2005, the Bobcat was rented out with only .10 hours of use, and the rental contract for the seven hours of use following this date is missing. After the Heavisides' rental of the Bobcat on July 8, 2005, Rental Services cleaned the hydraulic reservoir breather, in September 2005, the Bobcat was repaired because it kept dying, and Rental Services' records indicate that it needed a hydraulic fitting. During each of the inspections prior to rental, the Bobcat passed the function test of the lift arms and the inspection.

## **Discussion**

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiffs. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Defendant has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once defendant has met this burden,

plaintiffs cannot rest on the allegations in their pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

1. **Motion for Partial Summary Judgment (Dealer in Used Goods vs. Commercial Lessor)**

Rental Services' motion for partial summary judgment on the strict liability count is based on the argument that a dealer in used goods cannot be held liable under the theory of strict liability. While Judge Stevens in the Western District of Missouri has held that a dealer in used goods cannot be held liable under strict liability for used goods that are sold "As Is," this decision has no bearing on the Heavisides' strict liability claim. See Harber v. Altec Industries, Inc., 812 F. Supp. 954, 965 (W.D. Mo. 1993). The Eighth Circuit has recognized that under Missouri law there is a distinction between dealers in used goods and commercial lessors. Wynia v. Richard-Ewing Equip. Co., 17 F.3d 1084, 1089 (8th Cir. 1994). Under Missouri law, a cause of action exists against commercial lessors. Gabbard v. Stephenson's Orchard, Inc., 565 S.W.2d 753, 757 (Mo. Ct. App. 1978); see also Ridenhour v. Colson Caster Corp., 687 S.W.2d 938, 946 (Mo. Ct. App. 1985).

Rental Services' own statement of facts establishes that it rented the Bobcat to the Heavisides. It also admits that it rents skidsteers for profit and that its primary business operation is the lease of equipment. Applying Missouri law, I conclude that, as a commercial lessor, Rental Services is not entitled to whatever protections may be afforded to dealers in used goods who sell goods "As Is," and I will deny Rental Services' motion for partial summary judgment.

2.  **Motion for Summary Judgment**

Rental Services argues that it is entitled to judgment as a matter of law, contending that the Heavisides cannot meet their burden of proof on any of the claims. Rental Services argues that the Heavisides cannot establish that the Bobcat was defective at the time of the injury, so they cannot recover in strict liability as claimed in Count II. It also argues that the Heavisides cannot show that it knew or had reason to know of any dangerous condition, so it cannot be liable in negligence as claimed in Count I. Count III is Jack Heaviside's claim for loss of consortium and it rests, of course, on Counts I and II. If either of those counts survives summary judgment, the loss of consortium claim also survives.

a.  **Defective Condition**

To establish Rental Services' liability under the theory of strict products liability, the Heavisides must establish (1) that Rental Services sold the Bobcat in

the course of its business; (2) the Bobcat was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; (3) the Bobcat was used in a manner reasonably anticipated; and (4) the Heavisides were damaged as a direct result of such defective condition as existed when the product was sold. Gabler v. Robbins & Myers, Inc., 895 S.W.2d 79, 81 (Mo. Ct. App. 1995).

Rental Services first argues that the Heavisides cannot meet the burden of establishing that the Bobcat was in a defective condition at the time it was rented to them. "The existence of defect may be inferred from circumstantial evidence with or without the aid of an expert witness." Klein v. General Electric Co., 714 S.W.2d 896, 900 (Mo. Ct. App. 1986). Additionally, the Heavisides can prove a products liability claim by inference even if that inference is not justified beyond all doubt and a possibility exists that a contrary inference may also be drawn. Hickerson v. Pride Mobility Prod. Corp., 470 F.3d 1252, 1258 (8th Cir. 2006). The Eighth Circuit has stated that under Missouri law, a "case may be given to a jury if circumstantial evidence is strong enough to support reasonable inferences necessary to the plaintiff's case free from speculation." Id. The evidence does not need to be so strong as to compel that the jury rule for the Heavisides, instead, if multiple inferences are possibilities, summary judgment is inappropriate and the

jury should resolve the dispute.  Id.  Still, the Heavisides cannot base their claims upon guesswork, conjecture, and speculation, and the circumstantial evidence upon which they rely should have a tendency to exclude every reasonable conclusion other than the one desired.  Id. at 1259.

In this case, if I take the facts in the light most favorable to the Heavisides, as I must in deciding whether Rental Services is entitled to summary judgment, Mr. Heaviside stopped the Bobcat, raised the lap bar on the Bobcat, got out of the Bobcat, and had no further physical contact with the Bobcat until after the Bobcat engine had shut off, the Bobcat had lurched forward, and the pallet forks had collapsed.[1]  When a Bobcat is functioning properly, once the lap bar is raised, the engine will remain running, but all control functions are deactivated and cannot be used until the seat bar is again lowered and the BICS Interlock button is pushed.  In this case, there is evidence that even though the lap bar was raised, the Bobcat inexplicably turned off, lurched forward, and lowered the lift forks.  When an accident occurs that would not ordinarily occur in the absence of a defect, the inference that a product is defective is proper.  Fain v. GTE Sylvania, Inc., 652 S.W.2d 163, 165 (Mo. Ct. App. 1983); see also  Winters v. Sears, Roebuck and

---

[1] Rental Service's expert believes that this explanation of the events of July 8, 2005 is not an accurate reflection of what actually occurred.  While Rental Services may be correct, I must accept the Heaviside's version of any disputed facts as true.

Co., 554 S.W.2d 565, 570 (Mo. Ct. App. 1977). While the Bobcat is designed to shut off and lower the lift forks, it is not designed to do so when the lap bar is raised and no other controls have been pushed. As a result, a reasonable inference may be made that Bobcat was in a defective condition at the time Christina Heaviside was injured even without the testimony of the Heavisides' expert Mark Ezra.

Rental Services further argues that a defective condition cannot be inferred because the Bobcat was used multiple times after its rental by the Heavisides without incident. It also asserts that no repairs other than routine maintenance were performed on the Bobcat's hydraulic system after the incident, but some repairs were done to the Bobcat. On July 23, 2005, Rental Services cleaned the hydraulic reservoir breather. On September 8, 2005, the records indicate that the Bobcat kept dying, and in late September, a work order indicates that the Bobcat needed a hydraulic fitting. Therefore, it is possible that the Bobcat had a defect at the time of Christine Heaviside's injury that was subsequently corrected.

Because a reasonable juror could infer that the Bobcat was in a defective condition at the time of Christine Heaviside's injury if the juror believes Jack Heaviside's version of the events, I must conclude that the Heavisides could meet this burden of proof at trial. As a result, I will deny Rental Services' motion for

summary judgment with regard to the claims under strict liability and loss of consortium.

### b. Knowledge or Reason to Know of the Defective Condition

To establish Rental Services' liability for negligently supplying a dangerous instrumentality, the Heavisides must establish substantial evidence that (1) Rental Services supplied the Bobcat for use, (2) the Bobcat was defective or hazardous and was therefore dangerous when put to a reasonably expected use, (3) the Bobcat was put to a reasonably expected use, (4) Rental Services had no reason to believe that the Heavisides would realize its dangerous condition, (5) Rental Services knew or had information from which it, in the exercise of ordinary care, should have known of such dangerous condition, (6) Rental Services failed to adequately warn of such dangerous condition, (7) Rental Services was thereby negligent, and (8) as a direct result of such negligence, the Heavisides sustained damage. Mobley v. Webster Elec. Co-op., 859 S.W.2d 923, 929-30 (Mo. Ct. App. 1993).

Rental Services argues that the Heavisides cannot present sufficient evident to establish that Rental Services knew or had reason to know of any defective condition in the Bobcat. Rental Services can be held liable "if the defect is such that a reasonably prudent seller should have discovered it before selling the

product to the consumer." Dorman v. Bridgestone/Firestone, Inc., 992 S.W.2d 231, 239 (Mo. Ct. App. 1999). Generally, a seller has no duty to test or inspect the product, and a failure to inspect will not incur liability. Id.

The evidence presented by the Heavisides includes the Bobcat's repair history as well as numerous occasions where the Bobcat was inspected, but then later needed repairs. While this evidence suggests that the Bobcat had problems in the past that were not revealed by an inspection, the Heavisides have not presented any evidence as to how Rental Services would have known that the Bobcat was defective at the time of its rental by the Heavisides. The Bobcat had apparently worked properly immediately prior to the Heavisides rental on June 8, 2005 when it was rented by Terrance Foster on June 1 and 2. The Heavisides' own expert admitted that he would not expect there to be a visual indication of a failure of the control valve as he has posited happened in this case. No evidence has been presented that would allow a jury to conclude that Rental Services should have known that there was something wrong with the Bobcat before its rental to the Heavisides. As the Heavisides have not presented any evidence from which a jury could conclude that Rental Services knew or should have known of any defect in the Bobcat, Rental Services is entitled to summary judgment on Count I.

### 3. Motion to Exclude Expert Witness's Testimony

Rental Services seeks to exclude the testimony of plaintiff's expert Mark Ezra, arguing that his testimony does not meet the reliability standards required by Rule 702, Fed. R. Civ. P. Before addressing the parties' underlying arguments with regard to this motion, I must first comment on Rental Services' expressed fear that Erza will be given an "expert stamp of approval." As the parties are no doubt aware from my page on the Court's website, I do not tell the jury that anyone is an expert and I do not want parties to "tender the witness as an expert" in front of the jury. I simply allow or exclude testimony, depending on whether it is properly admissible under Rule 702; I do not add my blessing in front of the jury by telling them that the witness is qualified or that he is an expert.

Expert testimony must be relevant, qualified, and reliable to be admissible under Rule 702. <u>Lauzon v. Senc Prods., Inc.</u>, 270 F.3d 681, 686 (8th Cir. 2001). Still, the Eighth Circuit has noted, "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Rental Services argues that Ezra lacks the education, training, or experience to opine on the issue of product defect. They further argue that he has not adequately inspected or tested the Bobcat or performed any operational testing on it.

Ezra is mechanical engineer who received his bachelor of science in mechanical engineering in 1972 and an advanced degree in 1973 in technology - theory and practice of automatic control. Ezra has experience and specialization in failure analysis and accident investigation. See Meredith v. PACCAR, Inc., 2005 WL 2033430, at *3 (E.D. Mo. August 18, 2005). Ezra also has had experience with hydraulic systems. In reaching his opinion, Ezra evaluated witness statements and accounts, visually inspected the exterior of the Bobcat, instructed Rental Service's personnel in operating the Bobcat, and reviewed the service history of the Bobcat. Ezra's methodology is substantially similar to the methodology employed by Rental Services expert. Neither expert had the opportunity to examine the Bobcat immediately after the incident.

Although a jury might choose to disregard Ezra's opinion for the reasons Rental Services seeks to strike his testimony, I believe that his testimony is sufficiently reliable and relevant to assist the jury in determining a disputed issue. As a result, I will deny Rental Services' motion to strike his testimony.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rental Services Corporation's motion for partial summary judgment [#48] is denied.

**IT IS FURTHER ORDERED** that defendant Rental Services

Corporation's motion for summary judgment [#50] is granted as to Count I (negligence), but is denied as to Counts II (strict liability) and III (loss of consortium).

**IT IS FINALLY ORDERED** that defendant Rental Services' motion for a hearing to exclude the expert testimony of Mark Ezra [#47] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2007.