UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA HEAVISIDE and JACK HEAVISIDE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:05CV2343 CDP |
| RENTAL SERVICE CORP., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motion in limine, which seeks to bar evidence at trial that Jack Heaviside used the Bobcat skidsteer in violation of its warnings and instructions. At the pretrial conference I asked the parties to brief this issue, and they have done so. Having reviewed the law, I now agree with plaintiff that defendant cannot introduce evidence that Jack Heaviside failed to follow the warnings. Defendant can elicit evidence and can argue that Mr. Heaviside's operation of the skidsteer was the sole cause of the injury to Mrs. Heaviside, but it cannot talk about failure to follow warnings or operator's manual instructions.

## Discussion

There is no issue of comparative fault in this products liability case.

Plaintiffs contend that the skidsteer was defective and unreasonably dangerous. Plaintiffs will say that the skidsteer was stopped, with engine running and lap bar and forks up, when it suddenly lurched forward, died, and then either the forks or the pallet of sod which was on them dropped without any action from the operator, Jack Heaviside, who was standing outside the skidsteer. Defendant will present evidence and argument that this could not have happened as plaintiffs describe, because if the lap bar is up the skidsteer will not move forward. Defendants will argue that Jack Heaviside was either in the skidsteer and accidently hit the controls, or was trying to operate the skidsteer while standing next to it, or otherwise did something to cause the skidsteer to lurch forward and drop the sod. This is a straightforward factual dispute, which the jury will have to resolve. Under Missouri law, defendant is entitled to present the defense that someone else was the sole cause of the injury, and so it can present evidence that it was Mr. Heaviside's actions that caused the event. See Simpson v. Smith, 771 S.W.2d 368, 373 (Mo. Ct. App. 1989).

What defendant cannot do, however, is present evidence that Mr. Heaviside failed to heed the warning labels posted on the machine and failed to follow the instructions in the operator's manual. While defendant can present evidence and arguments that Mr. Heaviside's operator error or mishandling of the equipment

was the sole cause of the injury, it cannot present evidence about any manufacturer's warnings or the operator's manual. This is because these particular warnings do not have anything to do with the alleged defect. See Rogers v. Toro Mfg. Co., 522 S.W.2d 632, 638 (Mo. Ct. App. 1975)("The question very simply put is: Does the instruction or warning adequately advise the user of the defect in the product and the dangers that can be expected from the failure to follow the instructions?"). In Rodgers the manual was not relevant because it did not warn about what actually happened in the case. See also Cholis v. Cessna Aircraft Co., 760 F.2d 901, 905 (8th Cir. 1985) (failure to follow warnings was admissible because the warning about which fuel tanks to use was directly related to the alleged defect). In this case, the parties agree that the alleged defect – the sudden lurching forward of the skidsteer without any action by the operator – is not what the warnings were about, because each side agrees that this cannot happen in the absence of a defect.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine to bar evidence of failure to follow warnings or the operator's manual is granted. This ruling does not prevent defendant from arguing that Jack Heaviside's actions were the sole cause of the injury, but it does prevent defendant from introducing any

evidence about warnings or the operator's manual.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2007.